IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREENE TWEED & CO., INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| LUC TECHNOLOGIES, LLC and TRUNG LE | § | JURY DEMAND |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Greene Tweed & Co., Inc. ("Greene Tweed"), plaintiff, for itself and on behalf of all affiliated entities, complains of LUC Technologies, LLC ("LUC Technologies") and Trung Le ("Le"), defendants. Greene Tweed respectfully shows as follows:

### NATURE OF THE ACTION

1. Greene Tweed has caught Le and LUC Technologies red-handed in a brazen case of industrial theft. Even without the benefit of discovery, Greene Tweed already has smoking-gun proof that Le and LUC Technologies stole from Greene Tweed the proprietary specifications and drawings for a product that Greene Tweed spent years (and substantial resources) to develop. Le and LUC Technologies literally took Greene Tweed's confidential design document, crossed out Greene Tweed's name, and began passing the drawing off as its own. LUC Technologies is now marketing and selling products made from this Greene Tweed design in competition with Greene Tweed. Based on its website, it appears that LUC Technologies may also be marketing and selling other products improperly knocked off from Greene Tweed's proprietary specifications. Greene Tweed brings this action to put an end to this outrageous theft of its trade secrets.

## PARTIES

2.  Greene Tweed is a corporation organized and existing under the laws of the State of North Carolina. Greene Tweed has its principal place of business in Pennsylvania.

3.  Trung Le is a natural person who resides in Harris County, Texas. He may be served with process at his place of business, 8825 Solon Rd., Suite E1, Houston, Texas 77064.

4.  LUC Technologies, LLC is a limited liability company. It is organized and exists under the laws of the State of Texas. It may be served with process by serving its registered agent, Trung Le, at 8825 Solon Rd., Suite E1, Houston, Texas 77064.

## JURISDICTION AND VENUE

5.  The court has federal-question jurisdiction under 28 U.S.C. §1331 and 18 U.S.C. § 1836(c). This is an action for injunctive relief and damages for misappropriation of trade secrets related to a product that is intended for use in interstate commerce and is in fact used in interstate commerce.

6.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2). All defendants reside here and a substantial part of the events giving rise to the claim occurred here.

## FACTUAL BACKGROUND

7.  Greene Tweed designs and manufactures sealing solutions comprised of proprietary, high-performance sealing materials that range from standard o-rings to custom-engineered seal designs for complex applications. Greene Tweed also has a product line called Seal-Connect,™ which leverages these high performance materials and years of applications engineering experience to produce connecting products. Greene Tweed designs and sells products for use in a variety of fields, with a primary focus on the aerospace, energy, and semi-conductor industries.

8. The vast majority of products sold by Greene Tweed are based on Greene Tweed's own proprietary designs that Greene Tweed has developed, tested, and honed through years of time-consuming and expensive research and development. Greene Tweed maintains drawings for most of its products that reflect the profiles, dimensions, tolerances, materials, and other specifications necessary to manufacture them to Greene Tweed's proprietary design parameters. These drawings and the other documents reflecting product specifications constitute Greene Tweed's trade secrets.

9. Greene Tweed takes reasonable steps to protect the confidentiality of these proprietary trade secrets by, among other things, restricting access to design documents to those within Greene Tweed with a need to see them; requiring that all employees with access to them sign employment agreements with strict non-disclosure and confidentiality restrictions; marking all documents containing trade secrets with a legend indicating that the documents contain information proprietary to Greene Tweed; and sharing the information outside of Greene Tweed only on rare occasions, on a need-to-know basis, subject to strict non-disclosure agreements.

10. Le was previously employed by Greene Tweed. His employment with Greene Tweed ended in 2010. He was a designer involved in creating drawings reflecting the proprietary specifications for various products. While employed by Greene Tweed, Le was subject to an employment agreement under which he agreed to maintain the confidentiality of all of Greene Tweed's proprietary information. This confidentiality obligation extended beyond the end of Le's employment and remains in place today.

11. While employed by Greene Tweed, Le worked on the development of a Greene Tweed proprietary product known as a "contact ring," bearing part no. 5672-5130. This product is designed to provide electrical contact points in connector assemblies used by Greene Tweed

customers in downhole drilling and logging equipment. The connector assembly is a rotatable connector using this finger-spring contact ring mechanism with multiple contact points and a specially shaped contact finger to avoid damage under rotational torsion loads.

12. This design, and in particular its engineered form to create multiple contact points that increase downhole reliability, is unique to Greene Tweed. To the best of Greene Tweed's knowledge, no product offered by any of Greene Tweed's legitimate competitors uses this proprietary design. As a result, Greene Tweed enjoys a significant advantage over its competitors and has captured the lion's share of the market for the supply of connector assemblies for use in downhole applications.

13. Greene Tweed was only able to achieve this status through years of testing, research, development, and product refinement. Greene Tweed first began developing predecessors to the current product in the 1990s, but did not achieve the design breakthroughs inherent in the current version of the product until 2008.

14. Le was a member of the Greene Tweed team that worked on and helped to document the breakthrough design in 2008. In fact, his name appears as one of the design professionals intimately involved in the drawing, dated November 12, 2008, that reflects the key aspects of the design, including detailed profiles, dimensions, tolerances, and material specifications. This document, which Le was a party to, provides all of the details necessary for a competitor to knock off Greene Tweed's design and to manufacture the exact same product.

15. This 2008 drawing that Le helped to create has been updated since then, most recently in June 2017. By June 2017, Le had been gone from Greene Tweed for approximately seven years. There is no legitimate way in which he could have obtained access to the June 2017 revision to this drawing.

16. Sometime after he left Greene Tweed's employment, Le started LUC Technologies. Since its formation, LUC Technologies has hired a number of former Greene Tweed employees (including Sean Wong and Steve Campbell) and is actively competing with Greene Tweed in the sale of connector solutions to the oil-and-gas industry. While employed by Greene Tweed, Wong and Campbell had employment agreements with confidentiality provisions requiring that they maintain the secrecy of Greene Tweed's proprietary information.

17. According to its published materials, LUC Technologies is marketing and selling a rotatable connector system that, from its public description, appears identical to the system that utilizes the contact ring that Le helped to develop while he was at Greene Tweed and that is described in the proprietary drawing referenced above.

18. Attached as Exhibit A is a printout from the LUC Technologies website that describes the rotatable downhole connector that LUC Technologies is currently marketing. It states that LUC Technologies "has radically redesigned these products to reduce failure points and increase reliability." It lists three former Greene Tweed employees – Le, Campbell, and Wong – as the LUC Technologies representatives to contact about this product.

19. In truth, Greene Tweed is the company that radically redesigned this product to increase downhole reliability. LUC Technologies simply copied it and is now trying to reap the marketing advantages associated with the product's unique design without having had to incur the substantial time, effort, and cost required to develop and perfect it.

20. Greene Tweed has just discovered how LUC Technologies was able to copy and market this identical product: LUC Technologies simply stole Greene Tweed's proprietary drawing and is using it to manufacture its own product.

5

21. LUC Technologies has in fact provided a copy of what purports to be its own design drawing to a vendor and has asked that vendor to supply constituent parts to LUC Technologies based on the specifications set forth in it. Remarkably, the drawing that LUC Technologies provided to this vendor is Greene Tweed's own drawing, 5672-5130, from which LUC Technologies has simply redacted or blacked out only Greene Tweed's name and the Greene Tweed legend reflecting that the drawing is proprietary to Greene Tweed.

22. LUC Technologies did not even bother to take Greene Tweed's information and put it in a LUC Technologies template. That would have been bad enough. Incredibly, demonstrating just how brazen its theft has been, LUC Technologies is literally using Greene Tweed's own document (with Greene Tweed's name redacted) and passing it off as its own.

23. The drawing that LUC Technologies is using is the version that reflects revisions made through June 2017, well after Le, Wong, and Campbell left Greene Tweed's employment, indicating that have likely conspired with a current Greene Tweed employee or a Greene Tweed vendor to obtain unlawful access to Greene Tweed's proprietary information. Le and LUC Technologies knew, from their prior employment with Greene Tweed, that this document was proprietary and that whoever gave it to them was under a duty to maintain its secrecy.

24. Greene Tweed has never authorized disclosure of this 2017 drawing to LUC Technologies, Le, Wong, or Campbell. Their use of this proprietary information is unauthorized and unlawful.

## CAUSE OF ACTION

25. Greene Tweed's proprietary design for the contact ring used in the rotatable connector described above, as reflected in the drawing that Le and LUC Technologies have stolen, is related to a product used in, and intended for use in, interstate commerce.

6

26. Greene Tweed is the owner of this design and drawing, as "owner" is defined in 18 U.S.C. § 1839(4).

27. Greene Tweed's design for this contact ring used in its rotatable connectors and the drawing reflecting that design are trade secrets, as defined in 18 U.S.C. § 1839(3). Greene Tweed has taken reasonable measures to keep this design and the drawing secret. The design and the drawing derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of this information.

28. LUC Technologies and Le have misappropriated these Greene Tweed trade secrets, as "misappropriation" is defined in 18 U.S.C. § 1839(5). They have acquired access to these trade secrets with knowledge or reason to know that the information was acquired through improper means, including theft, bribery, misrepresentation, or breach or inducement of a breach of a duty to maintain secrecy. They have also used these trade secrets without the express or implied consent of Greene Tweed after acquiring them through improper means. Le and LUC Technologies have also used these trade secrets, without express or implied consent, with knowledge or reason to know that the person who provided them access to them was under a duty to maintain their secrecy or had himself acquired them through improper means. Le and LUC Technologies knew, or had reason to know, when they acquired access to these trade secrets, that the circumstances gave rise to a duty to maintain their secrecy and to refrain from using them against Greene Tweed's interests.

29. Le and LUC Technologies are thus liable to Greene Tweed for misappropriation of trade secrets under 18 U.S.C. § 1836, entitling Greene Tweed to all of the remedies set forth in 18 U.S.C. § 1836(b)(3).

**REMEDIES**

30. As a result of this misappropriation by Le and LUC Technologies, Greene Tweed has suffered actual damages for which it seeks recovery under 18 U.S.C. § 1836(b)(3)(B)(i)(I).

31. In addition, Le and LUC Technologies have been unjustly enriched by substantial amounts for which Greene Tweed seeks recovery under 18 U.S.C. § 1836(b)(3)(B)(i)(II).

32. Le and LUC Technologies committed this misappropriation willfully and maliciously, entitling Greene Tweed to exemplary damages and to an award of the attorney's fees incurred prosecuting this action under 18 U.S.C. § 1836(b)(3)(C) & (D).

33. Greene Tweed also reserves the right to obtain the seizure remedy set forth in 18 U.S.C. § 1836(b)(2).

34. Greene Tweed also seeks, under 18 U.S.C. § 1836)(b)(3)(A), a temporary restraining order, a preliminary injunction, and a permanent injunction to stop the ongoing acts of misappropriation by Le and LUC Technologies. Greene Tweed has a probable right to recover on its claim for misappropriation. Greene Tweed has no adequate remedy at law. Unless restrained and enjoined, Le and LUC Technologies will continue to market and sell unlawfully products manufactured using design specifications and drawings stolen from Greene Tweed. If this ongoing misappropriation is allowed to continue, Greene Tweed will suffer loss of good will and reputational damage that cannot be adequately compensated with money damages. Granting the injunctive relief sought by Greene Tweed will serve the public interest. The balance of the equities favors enjoining Le and LUC Technologies, as outlined below.

35. The court should enter a temporary restraining order and a preliminary injunction restraining and enjoining Le and LUC Technologies, and all those in active concert or participation with them, from: (a) disclosing, transmitting, relying upon, or otherwise using for any purpose

whatsoever any design specifications or drawings created by Greene Tweed, including any drawings for the contact ring or rotatable connector described above; (b) retaining and failing to return to Greene Tweed all Green Tweed proprietary design drawings and information in their possession or under their control; (c) manufacturing any products using or based on Greene Tweed design drawings or specifications, including any versions of the contact ring and rotatable connector described above; (d) marketing or selling any products manufactured from or based on Greene Tweed drawings or specifications, including those described on Exhibit A hereto; and (e) destroying, deleting, erasing, altering, modifying, tampering, or otherwise failing to preserve documents, electronically stored information, records, files, or other information in their possession, custody, or control relating in any way to the claims asserted in this complaint.

36. After trial on the merits, Greene Tweed seeks entry of a permanent injunction to the same effect.

WHEREFORE, Greene Tweed prays that defendants be cited to appear an answer; that the court enter a temporary restraining order and a preliminary injunction as outlined above; that the court, after trial on the merits, enter a permanent injunction as outlined above; that Greene Tweed recover from defendants all of Greene Tweed's actual damages, damages for unjust enrichment, exemplary damages, and attorneys' fees; that Greene Tweed recover pre-and post-judgment interest at the maximum rate allowed by law; and that Greene Tweed have such other relief (including a seizure order, if appropriate) to which it may show itself justly entitled.

Dated: May 18, 2020

Respectfully submitted,

*/s/ Thomas M. Farrell*
Thomas M. Farrell
State Bar No. 06839250
tfarrell@mcguirewoods.com

ATTORNEY FOR PLAINTIFF
GREENE TWEED & CO., INC.

OF COUNSEL:

McGuireWoods LLP

600 Travis St.
Suite 7500
Houston, Texas 77002
Telephone: (713) 571-9191
Fax: (713) 571-9652

130893187_1